UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| LUIS A. GARCÍA-DELGADO,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMONWEALTH OF PUERTO RICO, et al.,<br><br>    Defendants. | Civil No. 09-1171 (JAF) |

**OPINION AND ORDER**

Plaintiff, Luis A. García-Delgado, brings this case against Defendants, the Commonwealth of Puerto Rico ("Commonwealth"), the Junta de Libertad Bajo Palabra ("Parole Board"), Parole Board Chairwoman María E. Meléndez-Rivera, the Puerto Rico Administration of Corrections ("AOC"), and Secretary of Corrections Miguel A. Pereira-Castillo, under 42 U.S.C. § 1983, alleging unconstitutional delay in Plaintiff's parole proceedings. (Docket Nos. 2, 12.) Plaintiff seeks a resolution of his petition for parole. (Id.) Defendants move to dismiss per Federal Rule of Civil Procedure 12(b)(6). (Docket No. 11.) The motion is unopposed.

**I.**

**Factual and Procedural Synopsis**

We draw the following facts from Plaintiff's complaint. (Docket Nos. 2, 12.) As we must, we assume Plaintiff's factual allegations to

Civil No. 09-1171 (JAF)                                                              -2-

be true and make all reasonable inferences in his favor. Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008).

Plaintiff is an inmate in the penal custody of the Commonwealth confined at the Southern Regional Institution in Ponce. On August 14, 2008, Plaintiff appeared before the Parole Board for consideration of his early release. As of the date he filed this action, he had not received word from the Parole Board. Plaintiff has not filed an official complaint through the existing grievance procedures at prison.

On February 20, 2008, Plaintiff filed the instant case in federal court, claiming violation of his right to a prompt answer from the Parole Board. (Id.) Defendants moved to dismiss on May 7, 2009. (Docket No. 11.) Plaintiff has not opposed the motion.

**II.**

**Standard under Rule 12(b)(6)**

A defendant may move to dismiss an action against him, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing this motion, we "accept[] all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [plaintiff]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993). However, mere legal conclusions "are not

entitled to the assumption of truth." <u>Ashcroft v. Iqbal</u>, 556 U.S. ___, 129 S. Ct. 1937, 1950 (2009).

The complaint must demonstrate "a plausible entitlement to relief" by alleging facts that directly or inferentially support each material element of some legal claim. <u>Gagliardi v. Sullivan</u>, 513 F.3d 301, 305 (1st Cir. 2008) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 559 (2007)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (quoting <u>Twombly</u>, 550 U.S. at 559) (internal quotation marks omitted).

### III.

### Analysis

Because Plaintiff is pro se, we construe his pleadings more favorably than we would pleadings drafted by an attorney. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007). However, Plaintiff's pro se status does not insulate him from the strictures of procedural and substantive law. <u>See</u> <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1997).

Defendants argue that dismissal is proper because of sovereign immunity and Plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (Docket No. 11.) We treat each argument in turn.

Civil No. 09-1171 (JAF)                                                -4-

### A.   Eleventh Amendment

Under the Eleventh Amendment, "an unconsenting State is immune from federal-court suits brought by its own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 663 (1974). The applicability of sovereign immunity is a jurisdictional question. Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996). "For Eleventh Amendment purposes, the Commonwealth is treated as if it were a state; consequently, the Eleventh Amendment bars any suit brought against it." Gotay-Sánchez v. Pereira, 343 F. Supp. 2d 65, 71-72 (D.P.R. 2004) (citing Metcalf & Eddy, Inc. v. P.R. Aqueduct & Sewer Auth., 991 F.2d 935 (1st Cir. 1993)). Eleventh Amendment immunity extends to state agencies that function as "arms of the Commonwealth." Rivera v. Medina, 963 F. Supp. 78, 82 (D.P.R. 1997), vacated on other grounds sub nom. Barreto-Rivera v. Medina-Vargas, 168 F.3d 42 (1st Cir. 1999).

However, federal courts may grant prospective injunctive relief to prevent a continuing violation of federal law. Ex Parte Young, 209 U.S. 123 (1908). A plaintiff may avoid the Eleventh Amendment bar by suing responsible persons acting in their official state capacities. Id. at 154.

As the Commonwealth has not consented to litigation in this case, we have no power to hear Plaintiff's case against it. See Gotay-Sánchez, 343 F. Supp. 2d at 71-72. As the Parole Board and AOC

Civil No. 09-1171 (JAF)                                                    -5-

are administrative organs of the Commonwealth, we dismiss Plaintiff's claims against them. See Rivera v. Medina, 963 F. Supp. at 82. However, Plaintiff may sue Meléndez-Rivera and Pereira-Castillo in their official capacities as Chairwoman of the Parole Board and Secretary of Corrections, respectively, for a timely answer from the Parole Board. See Ex Parte Young, 209 U.S. at 154.

**B.   Exhaustion of Administrative Remedies**

Defendants contend that we must dismiss this case because Plaintiff affirmatively stated in his complaint that he did not exhaust his administrative remedies by seeking relief through prison grievance procedures. (Docket No. 11.)

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although mandatory, exhaustion is an affirmative defense for the defendant to raise and prove, not a jurisdictional bar. Jones v. Bock, 549 U.S. 199, 215-16 (2007).

In the instant case, Plaintiff demands a response from the Parole Board. (Docket Nos. 2, 12.) The exhaustion requirement under the PLRA expressly pertains to suits against "prison conditions," 42 U.S.C. § 1997e(a), not to challenges to state parole procedures. See Wilkinson v. Dotson, 544 U.S. 74, 84 (2005) (citing cases relating to

prison conditions as a separate category of suits challenging administrative procedures under § 1983, distinct from suits regarding state parole procedures). Accordingly, Defendants may not rely on this affirmative defense.

**C.    Order to Show Cause**

Although we retain jurisdiction over Plaintiff's suit for injunctive relief against Meléndez-Rivera and Pereira-Castillo in their official roles, we note that almost a year has elapsed since the cause of action arose. (See Docket Nos. 2, 12.) Therefore, we order the parties to submit evidence as to whether the Parole Board has, in fact, communicated its final decision to Plaintiff, thereby rendering this case moot.

**IV.**

**Conclusion**

Accordingly, we hereby **GRANT IN PART** and **DENY IN PART** Defendants' motion to dismiss (Docket No. 11). We **DISMISS** Plaintiff's claims against the Commonwealth, Parole Board, and Administration of Corrections (Docket No. 2). We **ORDER** Plaintiff and Defendants to **SHOW CAUSE, on or before August 10, 2009,** as to why this case is not moot.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 17th day of July, 2009.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U.S. District Judge